**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

_____   :
                                      :
                                      :
In Re: Atrium Medical Corp. C-Qur Mesh   :   MDL Docket No. 16-md-2753-LM
Products Liability Litigation            :            ALL CASES
                                      :
                                      :
                                      :
                                      :
_____:


### PLAINTIFFS' PROPOSED LEADERSHIP STRUCTURE


Now come, Plaintiffs' Counsel, representing the views of the Plaintiffs' Executive

Committee nominated in Plaintiffs' Initial Brief filed before this Court on February 17, 2017

[Document No. 20] and seek an Order from this Court formally adopting the Plaintiffs'

Executive Committee, as amended to include Anne Schiavone in place of Robert Bonsignore,

the appointment of Jonathan D. Orent as Lead Counsel,  the appointment of Russell Hilliard as

Liaison Counsel, and the appointment of Jim Mathews as State Liaison Counsel.


I.      BACKGROUND:

On February 17, 2017, Counsel for Plaintiffs, by and through Plaintiffs' Temporary Lead

Counsel Robert Bonsignore, submitted a consensus leadership slate that included two liaison

counsel and a Plaintiffs' Executive Committee of five (Hereafter "PEC"), along with a request

that the Court permit *ad hoc* appointment of Plaintiffs' Steering Committee members as the

litigation progresses. During the hearing on February 24, 2017, the Court expressed a preference

for a single lead counsel and a single liaison counsel. Following the hearing, on February 28,

2017, the Court entered a Minute Entry requesting that Plaintiffs' counsel submit a proposal regarding leadership structure.  Following the hearing, the five members of the PEC held a teleconference to discuss 1) whether there should be a single lead counsel or multiple lead counsel, and 2) the identity of the individual or individuals to be nominated to the Court. These issues were fully debated over a phone conference that lasted more than two hours and culminated in a vote on each of these questions.   The PEC voted 4-0 in favor of nominating a single lead counsel, with Robert Bonsignore present, but abstaining from the vote. The PEC then voted on the selection of Lead Counsel. The PEC voted 4-0 in favor of nominating Jonathan D. Orent of Motley Rice LLC as Lead Counsel, with Robert Bonsignore present, but again abstaining from the vote. Following the successive 4-0 votes, Mr. Bonsignore departed the PEC. As a result of Mr. Bonsignore's departure from the PEC, the remaining members of the PEC asked Anne Schiavone Esq.[1] to fill the fifth seat on the PEC.  On March 6, 2017, the undersigned were advised by Mr. Bonsignore that he would not be submitting  a separate leadership structure  and likewise, would not be filing papers for an individual appointment with this Court.


## II.      THE PEC REQUESTS THAT THE COURT SELECT THE ORIGINAL PLAINTIFFS' LEADERSHIP STRUCTURE AS AMENDED

In an effort to organize an efficient, cohesive and invested group of talented attorneys with professional, geographic and experiential diversity, the undersigned Counsel have internally organized a process to identify the preferred PEC that would help shepherd this litigation. The proposed PEC leadership team exemplifies those characteristics that MDL courts look for in leadership of complex litigations and meets the criteria advanced by the *Manual for*

---

[1] *See* Qualification of Anne Schiavone as Exhibit A.

*Complex Litigation, Fourth*: a robust group of attorneys and their respective firms who, as a whole, are willing and able to commit the time, resources, work and effort required to advance this litigation expeditiously, based on the timelines established by the Court. This group already has demonstrated a commitment to inclusivity among Plaintiffs' counsel to the litigation and a dedication to this case. Importantly, this joint submission represents a collective effort to reach a consensus among the overwhelming majority of attorneys who have expressed an interest in joining together to lead this MDL on behalf of all Plaintiffs.[2] The undersigned believe the proposed structure is the group they will need to efficiently and effectively prosecute this litigation.

A hallmark of this proposed leadership slate is that it captures the preferred blend of experienced mass tort product liability attorneys as well as talented attorneys who are newer to PEC leadership, but have the support of experienced mass tort firms behind them. From the outset of informal internal coordination, the undersigned counsel sought to include lawyers who, although they had experience with complex product liability and MDL litigation, had limited PEC experience, but yet are well-deserving of inclusion. Further, the proposed PEC includes a geographically diverse group of lawyers who come from different size law firms.

The undersigned also sought input from lawyers in the state court litigation.  The undersigned believes to have heard the relevant voices, and that this jointly proposed PEC leadership structure represents the best possible consensus of most interested Plaintiffs' counsel. To the extent that any interested counsel were not involved in the discussions that resulted in this submission, the undersigned counsel or PEC will, of course, consider whether to include them

---

[2] As of March 6, 2017 at 11am, the members of the proposed PEC collectively represent approximately 72% of the cases filed in this MDL.

and other qualified and committed individuals in creation of the larger Plaintiffs' Steering Committee.

Undersigned counsel arranged for meetings with interested attorneys on several occasions, including during conferences that are typically well attended by attorneys who practice in medical device and pharmaceutical mass tort litigations, and which were calculated to provide ample opportunity for participation. Most recently, counsel convened an in-person meeting of interested counsel in Boston on February 23, 2017, the day before the first MDL status hearing. Courts have broad discretion and authority to manage multidistrict litigation and need capable counsel to assist them to manage MDL dockets. *In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig.,* 953 F.2d 162, 165 (4th Cir. 1992) ("[A] district court needs to have broad discretion in coordinating and administering multi-district litigation.") (Citation omitted). In the First Circuit, in "multi-party, multi-case litigation, the district court's success is largely dependent on its ability to uncomplicate matters." *In re Recticel Foam Corp.* (*In re San Juan DuPont Plaza Hotel Fire Litig.*), 859 F.2d 1000, 1004 (1st Cir.1988). Accepting the proposed leadership structure, as the majority of Plaintiffs' counsel in this litigation have already done, will simplify matters for the Court. Generally, courts recognize that experience and knowledge of counsel are the "most persuasive" factors in appointing counsel for plaintiffs. *See In re Cardinal Health Inc. ERISA Litigation,* 225 F.R.D. 552, 555 (S.D. Ohio 2005). The attorneys proposed herein have a wealth of relevant experience and knowledge of the claims and issues in this litigation. Without exception, each of the counsel composing the proposed PEC has direct and extensive experience in complex product liability or pharmaceutical mass tort litigation. Included herein are counsel who have acted as lead counsel, liaison counsel, executive committee and/or steering committee members in a significant number of multidistrict litigations

and a host of other major complex product liability litigations. By appointing counsel with such impressive credentials and backgrounds, Defendants and the Court will find that the breadth of experience of the proposed leadership structure is an asset in the communications and management of this litigation. As a result of the aforementioned efforts towards team and consensus building, undersigned Counsel now seek to have a PEC appointed.

**III.     AMENDED PROPOSED LEADERSHIP STRUCTURE:**

In accordance with this Court's Case Management Order Number 1 (the "CMO"), dated January 13, 2017, Paragraph 3.1.1, and the Court's request during the status conference on February 24, 2017, the undersigned counsel respectfully seek to have the following attorneys appointed to the proposed leadership structure:

| | | |
|---|---|---|
| Plaintiffs' Lead Counsel: | Jonathan D. Orent | Motley Rice LLC<br>Providence, RI |
| Plaintiffs' Liaison Counsel: | Russell Hilliard | Upton & Hatfield LLP<br>Portsmouth, NH |
| Plaintiffs' Executive<br>Committee ("PEC"): | Jonathan D. Orent | Motley Rice LLC<br>Providence, RI |
| | D. Todd Mathews | Gori Julian & Associates, P.C.<br>Edwardsville, IL |
| | David L. Selby II | Bailey Glasser LLP<br>Birmingham, AL |
| | Adam M. Evans | Hollis Law Firm, P.A.<br>Prairie Village, KS |
| | Anne Schiavone | Holman Schiavone LLC<br>Kansas City, MO |

Plaintiffs' State Liaison
Counsel:                          James B. Matthews    Blasingame, Burch, Garrard
                                                       & Ashley P.C.
                                                       Athens, GA

**<u>Lead Counsel</u>**

The undersigned Plaintiffs' Counsel, upon recommendation of the Court, requests that a single individual be appointed Lead Counsel in this MDL.  If appointed, Lead Counsel will be "[c]harged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation."[3]  Importantly, Lead Counsel will provide a focal point of accountability for, *inter alia*, "working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses… and seeing that schedules are met."[4]  Although it is expected that Lead Counsel will "act for the group" as contemplated by the *Manual for Complex Litigation*, it is the intention of the undersigned Plaintiffs' Counsel to condition certain decisions and actions by Lead Counsel upon approval of the PEC as proposed – especially decisions and actions which entail significant investment of time and/or finances by Plaintiffs' Counsel generally.

The undersigned Plaintiffs' Counsel requests that the Court appoint Jonathan Orent as Lead Counsel in this MDL.  In making such an appointment, the Court has several factors to consider, including but not limited to:

- would-be designated attorney's competence for assignments;

- the attorney's resources, commitment, and qualifications to accomplish

  the assigned tasks; and

---

[3] *See* MANUAL FOR COMPLEX LITIGATION, FOURTH (2004), at §10.221.
[4] Id.

• the attorney's ability to command the respect of their colleagues and

work cooperatively with opposing counsel and the court.[5]

Mr. Orent is more than qualified to be Lead Counsel on each measure contemplated by

the *Manual for Complex Litigation*.  Mr. Orent has extensive experience litigating cases

involving claims related to hernia mesh products, both in individual and consolidated

proceedings.  Mr. Orent's firm, Motley Rice, LLC, is well known for its accomplishments

representing large numbers of plaintiffs and for having ample resources to conduct large-scale

litigation on multiple fronts.  Lastly, Mr. Orent is well-respected among attorneys for plaintiffs

and defendants for his knowledge, competence and dedication, and he has the full confidence of

the members of the proposed PEC.  In light of this, the undersigned Plaintiffs' Counsel requests

that the Court appoint Jonathan Orent as Lead Counsel in this MDL.


**<u>Liaison Counsel</u>**

Plaintiffs submit that Liaison Counsel is necessary and desirable in this MDL.

"Traditional procedures… may waste time and money, confuse and misdirect the litigation, and

burden the court unnecessarily[,]"[6] but appointing Liaison Counsel assists in the just and

efficient resolution of this litigation.  Liaison Counsel will be tasked with not only assisting the

Court by having a single cohort coordinating efforts of the individual Plaintiffs, but also with

assisting individual Plaintiffs' counsel by keeping them informed and providing guidance.  By

utilizing Liaison Counsel in this MDL, the Court will achieve efficiency and economy.

Plaintiffs' respectfully submit that Russell Hilliard and his firm are more than qualified for this

---

[5] Id. at §10.224
[6] Herr, David F., MANUAL FOR COMPLEX LITIGATION, §10.22 at 36 (4th ed., 2016).

position.[7]

**<u>Plaintiffs' Executive Committee</u>**

       The undersigned submits that an Executive Committee is necessary and desirable in this MDL.  The Executive Committee will serve as the leadership in the litigation, acting as a group in developing and implementing a litigation plan and coordinating the efforts of others to effectuate those plans.[8]  Specifically, the Executive Committee will assign the Plaintiffs' Steering Committee with the various tasks essential to the litigation.  In this way, the Executive Committee will promote efficiency and economy in the instant litigation, keeping costs down and effectively litigating these cases.   Specifically, the PEC will be responsible for the major decision-making in the litigation, oversight of spending, supervision and approval of common benefit hours, and organizing the greater Plaintiffs' Steering Committee into working committees.

       The undersigned has formed a group of cohesive leads, including Jonathan D. Orent, Adam Evans, Anne Schiavone, Todd Mathews, and David Selby, who have a shared vision regarding the instant litigation and a desire to work together in a unified manner.  This core group has met and spoken at length regarding an efficient leadership formation.  In coming up with the instant plan of organization, these individuals have already shown an ability to work effectively as a group. Furthermore, this group will provide outstanding resources, experience, and an accomplished track record of dealing with many claimants, co-counsel, and adversaries to

---

[7]*See* Qualification of Russell Hilliard attached as Exhibit B.
[8] *See* MANUAL FOR COMPLEX LITIGATION, at §10.22 at 37.

achieve fair and efficient resolution of the instant litigation.[9]

**Plaintiffs' State Liaison Counsel**

The undersigned also propose that the Court appoint James B. Matthews, III from the law firm of Blasingame, Burch, Garrard & Ashley, P.C. ("BBGA") in Athens, Georgia, as State Liaison Counsel. Mr. Matthews and his firm have been at the forefront of pelvic mesh litigation since its inception in 2007. BBGA firm members were lead counsel in the Mentor ObTape MDL in the Middle District of Georgia (MDL 2004), and were coordinating co-lead counsel and members of the executive committee and plaintiffs' steering committee in the seven related pelvic mesh MDLs in the Southern District of West Virginia. Mr. Matthews and BBGA have also litigated hernia mesh cases in the Kugel state court coordination in Rhode Island. Mr. Matthews and his firm have handled all aspects of litigation involving similar medical devices over much of the past decade, including the first trial in MDL 2004, *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, and the first bellwether trial in MDL 2187, *In re C.R. Bard, Inc. Pelvic Support Sys. Prods. Liab. Litig.* Mr. Matthews and his firm offer extensive relevant knowledge and experience regarding surgical mesh litigation.

Recently, Mr. Matthews was admitted *pro hac vice* as co-counsel for the twenty-five (25) plaintiffs with cases currently pending before the Hon. Charles S. Temple in the Superior Court for Hillsborough County, New Hampshire. Over the past few months, Mr. Matthews and his firm have endeavored to meet and confer with defense counsel regarding several disputed issues regarding the status and scope of Defendants' electronically-stored information ("ESI") and document production in the related state court litigation. The undersigned respectfully submit that having someone with Mr. Matthews' and his firm's knowledge and experience, and

---

[9] *See* Exhibit A; *see also*, Exhibit B; *see also* Qualification of Jonathan D. Orent, attached as Exhibit C; Qualification of Adam Evans, attached as Exhibit D; Qualification of Todd Mathews, attached as Exhibit E; and Qualification of David Selby, attached as Exhibit E.

particularly with first-hand involvement and knowledge regarding the related litigation in the

New Hampshire State Court, would allow this MDL to be effectively coordinated with the State

court to the extent appropriate, and for this Court to be informed of developments in the State

court litigation by an attorney involved on behalf of the plaintiffs there.

**Plaintiffs' Steering Committee**

Finally, the undersigned Plaintiffs' Counsel requests that the Court also adopt a

Plaintiffs' Steering Committee ("PSC").  The PSC will be needed in order to assist with

preparing briefs, conducting discovery, and various other necessary tasks required in this

litigation.  Adopting a PSC will ensure there are a sufficient numbers of attorneys involved to

litigate the cases effectively.

The undersigned Plaintiffs' Counsel request that this Court authorize Plaintiffs'

Executive Committee, if appointed, to appoint additional members to a Plaintiffs' Steering

Committee in their discretion as needed.  If the PEC is so empowered and such future additions

are made, the PEC will file a notification of appointment with the Court along with copy of the

appointee's biographical information.

Respectfully submitted,


**UPTON & HATFIELD, LLP**


Date:  March 6, 2017                    By:     /s/  *Russell F. Hilliard*
                                                Russell F. Hilliard
                                                NHBA #1159
                                                159 Middle Street
                                                Portsmouth, NH 03801
                                                (603) 436-7046
                                                rhilliard@uptonhatfield.com

**MOTLEY RICE LLC,**

By:   /s/  Jonathan D. Orent
           Jonathan D. Orent
           55 Cedar Street, Suite 100
           Providence, RI 02903
           TEL: (401)457-7723
           FAX: (401)457-7708
           jorent@motleyrice.com

**HOLLIS LAW FIRM, P.A.**

By:   /s/ Adam M. Evans
           Adam M. Evans
           5100 W. 95th St.
           Prairie Village, KS 66207
           (913) 385-5400
           (913) 385-5402 (fax)
           adam@hollislawfirm.com

**GORI, JULIAN & ASSOC. P.C.**

By:   /s/ D. Todd Mathews
           159 N. Main St.
           Edwardsville, IL 62025
           (618) 659-9833
           (618) 659-9834
           Todd@gorijulianlaw.com

**HOLMAN SCHIAVONE, LLC**

By:   /s/ Anne Schiavone
           Anne Schiavone
           4600 Madison Avenue, Suite 810
           Kansas City, Missouri 64112
           TEL: (816) 283-8738
           FAX: (816) 283-8739
           aschiavone@hslawllc.com

**BAILEY & GLASSER, LLP**

By:    /s/ *David L. Selby, II*
         David L. Selby, II
         3000 Riverchase Galleria, Suite 905
         Birmingham, Alabama 35244
         Tel.:    (205) 988-9253
         Email:  dselby@baileyglasser.com