**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

**In Re: Atrium Medical Corp. C-Qur Mesh
Products Liability Litigation (MDL No. 2753)**

                                      **MDL Docket No. 16-md-2753-LM
ALL CASES**

**CASE MANAGEMENT ORDER NO. 3[1]**
ORDER FOLLOWING FEB. 24 CONFERENCE

On February 24, 2017, the court held a case management conference in this MDL. A team of lawyers appeared for plaintiffs: Robert J. Bonsignore (as Temporary Lead Counsel), Jonathan D. Orent, D. Todd Mathews, David L. Selby, II, Adam M. Evans, and Mark A. Tate. Also present for plaintiffs were Anne W. Schiavone, Louis John Muggeo, D. Michael Noonan, and potential future plaintiffs' counsel John Dalimonte and Robert Price. Certain attorneys indicated on the record that they were also appearing on behalf of other counsel. Ultimately, all plaintiffs in the individual cases in this MDL were represented by counsel at this conference. The following lawyers appeared for defendants: Hugh H. Turner, Jr., Enjolique D. Aytch, Pierre A. Chabot, Elan S. Hersh and John E. Friberg.

Prior to the case management conference, and in accordance with Case Management Order ("CMO") 1 (doc. no. 4), the parties filed a joint brief (doc. no. 19) and individual briefs (doc. nos. 17 & 20). Since the date of the conference, plaintiffs' counsel filed a new proposed

---

[1] All orders issued in this MDL with the notation "ALL CASES" (as detailed in CMO 1 at ¶ 1.3) shall apply to all cases in this MDL and to any actions later filed in, removed to, or transferred to this court to be part of this MDL.

leadership structure (doc. no. 35). Having carefully considered the arguments in the briefs, the parties' joint proposals, the plaintiffs' new leadership proposal, and the parties' arguments at the conference, the court issues the following Case Management Order.

## 1. Plaintiffs' Leadership Structure

1.1 **Background.** By way of background, the court appointed Robert J. Bonsignore as Temporary Lead Counsel for the purpose of the initial case management conference. See CMO 1 at ¶ 2.30. In their brief, plaintiffs proposed a national leadership structure with two attorneys to serve as "Co-Liason Counsel," along with a committee structure. As a result of discussions with the court during the conference, plaintiffs' counsel agreed to submit an alternative proposal within ten days following the conference.

1.2 **Approval of Plaintiffs' Counsel.** Plaintiffs have filed a new proposal. See doc. no. 35. The court fully approves of that proposal. Accordingly, the court appoints the following attorneys to represent all plaintiffs in this MDL:

| | | |
|---|---|---|
| Plaintiffs' Lead Counsel: | Jonathan D. Orent | Motley Rice LLC<br>Providence, RI |
| Plaintiffs' Liaison Counsel: | Russell Hilliard | Upton & Hatfield LLP<br>Portsmouth, NH |
| Plaintiffs' Executive Committee | Jonathan D. Orent | Motley Rice LLC<br>Providence, RI |
| | D. Todd Mathews | Gori Julian & Associates, P.C.<br>Edwardsville, IL |
| | David L. Selby II | Bailey Glasser LLP<br>Birmingham, AL |

|  |  |  |
|---|---|---|
|  | Adam M. Evans | Hollis Law Firm, P.A.<br>Prairie Village, KS |
|  | Anne Schiavone | Holman Schiavone LLC<br>Kansas City, MO |
| Plaintiffs' State Liaison Counsel: | James B. Matthews | Blasingame, Burch, Garrard & Ashley P.C.<br>Athens, GA |

1.3 **Case Management Order 3A.** The responsibilities of plaintiffs' counsel are summarized in Case Management Order 3A, which the court issues contemporaneously with this CMO 3. CMO 3A is consistent with both plaintiffs' proposal (doc. no. 35) and the Manual for Complex Litigation (Federal Judicial Center 4th ed. 2004) ("MCL Fourth").[2]

## 2. Status Conferences

2.1 **Second Thursday of Every Month at 2 p.m.** The court will convene a status conference in this litigation at 2 p.m. EST on the second Thursday of every month (beginning on Thursday, April 13, 2017) subject to the court's calendar. Unless otherwise ordered by the court, the monthly conference shall occur via telephone and shall be transcribed.

2.2 **Attendance**. Any lawyer representing a plaintiff may attend the conference, but the court will ask lawyers not serving in a leadership role to mute their phones during the call.

---

[2] Because the court will issue numerous orders that are related to this CMO 3, the court will use a sequential lettering and naming convention for its orders. The name of each (subsidiary) case management order related to this CMO 3 will contain the number 3 and a sequential capital letter. So, for example, the order establishing plaintiffs' leadership structure will be "Case Management Order 3A." The next order related to this CMO 3 will be "Case Management Order 3B" and so on. As part of this CMO 3, the court orders the parties to file several proposed orders in the future. Once these future orders are approved, the court will use the same naming convention.

2.3 **Transcripts.** The court anticipates that plaintiffs' counsels will file a proposal regarding the creation of a common fund and that these monthly transcripts will be a common fund expense.

2.4 **Agenda.** Lead Counsel for the parties shall meet and confer in advance of each status conference and file with the court a joint agenda listing all matters the parties wish the court to address at the monthly conference. The agenda shall be filed with the court no later than five business days before the conference. To the extent parties have disputes amenable to informal resolution, they shall include a brief summary of the dispute, their respective positions, and any legal arguments that will assist the court. The agenda shall be no longer than five pages in length. Lead Counsel shall meet and confer before each monthly agenda is drafted to resolve and thereby narrow the number of disputes presented to the court at each conference.

2.5 **No Scheduled Deposition.** Parties shall not notice depositions for days on which the monthly status conference is scheduled.

2.6 **Miscellaneous Conferences.** The court will initiate additional conference calls on procedural or scheduling matters as it deems necessary.

## 3. Webpage for this MDL

3.1 **Webpage.** The court has created and will maintain a webpage devoted solely to this MDL litigation. The site is located at: http://www.nhd.uscourts.gov/atrium-medical-corp-c-qur-mesh-products-liability-litigation. The site will contain sections through which the parties, counsel, and the public may access court orders, court opinions, court minutes, court calendars, frequently asked questions, court transcripts, court docket, current developments, information about plaintiffs' and defendants' lead and liaison counsel, and other information to be identified by the parties or the court and its staff.

## 4. Discovery

    4.1 **General Structure of Discovery.** The court has considered and hereby grants the parties' joint request regarding discovery in this case. Per that request, the court adopts the structure of discovery in this MDL as described below.

    4.2 **General and Specific Phases.** Discovery in this case shall occur in two distinct phases. The first phase shall concern the general liability of defendants and shall proceed on the basis of a master complaint. The court will refer to this phase of discovery as the "General Phase." The second phase shall concern plaintiffs' individual cases and shall proceed only after the General Phase is complete. The court will refer to the second phase as the "Specific Phase."

    4.3 **Master Complaint and Answer.** Plaintiffs shall file a Master Long Form Complaint ("Master Complaint") and defendants shall file within 45 days thereafter a Master Answer. The Master Complaint shall lay out the general claims and allegations of plaintiffs, and the Master Answer shall respond and assert defenses. Once approved by the court, the parties shall jointly file a proposed General Phase discovery schedule for the Master Complaint.

    4.4 **Short Form Complaint.** In addition to a Master Complaint, the parties shall jointly file a Short Form Complaint, which refers to and adopts the Master Complaint. Once the Master Complaint is approved, individual plaintiffs will use a Short Form Complaint to initiate their case and to assert the counts of the Master Complaint, as well as any additional causes of action that plaintiff asserts. Individual plaintiffs who have previously filed complaints in this MDL will be ordered to file a Short Form Complaint within 60 days of entry of the Master Complaint. Service of the Short Form Complaint will be deemed effective by emailing a conformed copy of the Short Form Complaint, and if in plaintiff's possession, device tag or other medical record identifying the product as issue in the case, to defendants in accordance with CMO 2.

4.5 **Defendants' Answer to Short Form Complaint is Stayed.** Defendants' obligation to answer the Short Form Complaints is stayed. Defendants shall acknowledge receipt of the Short Form Complaint by filing an entry of appearance. Defendants' acknowledgment shall constitute a denial of the allegations in the Short Form Complaint and an assertion of all defenses included in the defendants' Master Answer.

4.6 **Long Form Complaint.** When an individual case is selected for specific phase discovery, that plaintiff will be ordered to file a full Long Form Complaint specific to that case that will govern that case moving forward. Defendant will answer the Long Form Complaint within the time provided for by the Federal Rules of Civil Procedure.

4.7 **Bellweather Trials.** The court will revisit the issue of bellwether trials as the General Phase of discovery comes to a close. The court is inclined to utilize as bellwether cases only those cases over which this court has plenary rather than just MDL jurisdiction.

4.8 **Discovery Schedule for General Phase.** The parties shall meet and confer and file on or before June 12, 2017, a proposed discovery schedule (with a detailed and specific timetable) for approval of the court.

4.9 **Stay of Discovery.**

- 4.9.1 General Phase Discovery. The stay of General Phase Discovery in this case shall remain in effect until lifted by the court. The court intends to lift the stay as to General Phase Discovery at such time as the parties file and the court approves: (a) a proposed ESI protocol; (b) a proposed protective order; (c) a proposed schedule for discovery; and (d) a proposed order allowing plaintiffs' Lead and Liaison Counsel access to all discovery previously produced in any individual cases.

- 4.9.2 Specific Phase Discovery. The stay of discovery in this case with respect to Specific Phase Discovery shall remain in effect until lifted by the court. Per the parties' request, however, the court is prepared to partially lift the stay as to Specific Phase Discovery for two limited purposes: (1) to permit the exchange of individual, initial disclosures consistent with the "Plaintiff Profile Form" and "Authorizations" described in the joint brief (doc. no. 19, at 5-6); and (2)

to permit the exchange of plaintiffs' fact sheets and defendants' fact sheets consistent with those described in the joint brief (doc. no. 19 at 22-23). The parties shall meet and confer and jointly propose plaintiff profile forms and authorizations, and plaintiffs' and defendants' fact sheets. Once these items are approved by the court, the parties shall file a joint request to lift the stay on Specific Phase Discovery on a limited basis to allow the parties to exchange these items.

## 5. Discovery Disputes

5.1 **Informal Resolution.** The court intends to resolve discovery disputes on an informal and expedited basis. No formal discovery motion shall be filed with the court without first bringing the dispute to the attention of the court for informal resolution. The court will entertain those disputes at the monthly conference, or on a timetable otherwise agreed to by the parties and approved by the court.

5.2 **The Informal Process for Resolving Discovery Disputes**. The informal process for resolving discovery disputes shall occur as follows:

    5.2.1 <u>One-Page Letter</u>. After "meet and confer" efforts have failed, each side shall attach to the monthly-conference agenda, a letter, no longer than one-page (single-spaced) in length, that contains a summary of the discovery dispute, their respective position and any relevant rules or caselaw. The letters shall not count against the five-page limit of the agenda.

    5.2.2 <u>Presenting Disputes Outside the Monthly Status Conference</u>. Should a discovery dispute arise that requires the court's immediate attention, the parties may submit via email to the court's case manager a one-page position letter (single-spaced) in length, that contains a summary of the discovery dispute, their respective position and any relevant rules or caselaw. Upon receipt of these position letters, the court will schedule a telephone conference with both sides and attempt to resolve the matters as promptly as possible. Upon resolution of the dispute, the case manager will enter the letter on the MDL docket.

    5.2.3 <u>Stenographer Present</u>. For any informal discovery conference, a stenographer will be present and a record will be made. Unless otherwise ordered by the court, the conference shall occur via telephone.

## 6. Deposition Guidelines

6.1 **Pretrial Order Regarding Deposition Guidelines.** The court discussed at the February 24 conference its intention to adopt the sample order on deposition guidelines in the Manual 4th. Neither party has since interposed any objection. Accordingly, the court adopts the sample deposition guidelines in the Manual 4th (with edits to reflect recent amendments to the Federal Rules of Civil Procedure). The court issues that order contemporaneously with this CMO 3 as Case Management Order 3B.

## 7. Electronic Discovery

7.1 **Protocol for Electronic Discovery.** The parties shall meet and confer and on or before June 12, 2017, submit a proposed protocol for electronic discovery.

7.2 **Request for 30(b)(6) Depositions.** Plaintiffs' request for 30(b)(6) depositions in advance of developing a proposed protocol is denied. The parties shall work cooperatively to share discovery relative to defendants' organizational structure and IT infrastructure.

## 8. Protective Order

8.1 **Proposed Protective Order.** The parties shall meet and confer and on or before June 12, 2017, file a proposal for the court's approval.

8.2 **Privilege Logs.** The parties dispute the level of detail that must be provided in privilege logs. To facilitate the parties "meet and confer" efforts, the court issues the following guidelines:

> 8.2.1 Privilege logs shall comply with Rule 26(b)(5), which requires a party to: (a) expressly identify the privilege asserted; and (b) describe the nature of the documents, communications, or tangible things not produced or disclosed— and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

    8.2.2  A party asserting privilege is required to provide specific, rather than generic, information about the withheld document.

    8.2.3  Privilege logs need not include, as urged by plaintiffs, "an explanation of the individual's relationship to the content," "a description of the evolution of the document," or evidentiary support for each claim of privilege."

## 9. Common Benefit Fund

9.1 **Proposal Regarding Common Benefit Fund.** Plaintiffs shall file a proposal for establishing and maintaining a common benefit fund on or before June 12, 2017.

## 10. Pathology Preservation

10.1 **Adoption of Parties' Joint Proposal.** The court adopts the pathology preservation order and protocol proposed by the parties and issues that contemporaneously with this CMO 3 as Case Management Order 3C.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 13, 2017

cc: All Counsel of Record